FREDERICK RAYNSFORD v. THEODORE I. PHELPS.

*Tax-sale based on void tax—Damnum absque injuria.*

A tax sale based upon a void tax does no such injury to a mortgagee of land as will sustain an action for damages against the tax collector as for making a false return of unpaid taxes ; and in such suit the collector is not estopped by his return from showing that the tax was void.

Error to Kent. Submitted Oct. 11. Decided Oct. 18.

CASE. Plaintiff brings error. Affirmed.

*Stone & Hyde* for appellant. A tax-collector is protected for his acts under process that is fair on its face, and would not be liable for any costs but his own: *Nowell v. Tripp* 61 Me. 426 ; Cooley on Taxation 561; he is bound to collect the tax, and exhaust his authority in so doing, even by arrest, though the tax is illegal: *Bird v. Perkins* 33 Mich. 28 ; Cooley on Taxation 560, 561 ; the rule is the same

in an action against a sheriff for an escape: *Jones v. Cook* 1 Cow. 313; *Smith v. Knapp* 30 N. Y. 584; *Bensel v. Lynch*, 44 N. Y. 162.

*Simonds, Fletcher & Wolf* for appellee.   A tax collector is not bound to collect an illegal tax: Cooley on Taxation 500; *Reynolds v. Lofton* 18 Ga. 47; *Barlow v. The Ordinary* 47 Ga. 639; *Cheshire v. Howland* 13 Gray 321; *Adams v. Farnsworth* 15 Gray 423; because though the tax-roll may be *prima facie* good and protect the collector in an action of trespass, the property can be replevied from him and he held in damages and costs, if the tax is invalid: *LeRoy v. East Saginaw City Railway* 18 Mich. 233; *Beach v. Botsford* 1 Doug. (Mich.) 199; *Adams v. Hubbard* 30 Mich. 104; *Gidday v. Witherspoon* 35 Mich. 368; *Andrews v. Smith* 41 Mich. 683; a sheriff when sued for neglect in collecting an execution, regular on its face, can show that the judgment on which it was issued was void: *Albee v. Ward* 8 Mass. 79; *Earl v. Camp* 16 Wend. 562; *Cornell v. Barnes* 7 Hill 35; *Hill v. Wait* 5 Vt. 124; a sheriff is not liable for falsely returning an execution *nulla bona*, if it is issued on a void judgment: *McDonald v. Bunn* 3 Den. 45; *Tyler v. Duke of Leeds* 2 Stark. 218.

CAMPBELL, J.   Raynsford sued Phelps for alleged damages from a false return.   43 Mich. 342.   Raynsford held a mortgage on certain lands in Kent county, and claims that Phelps as tax collector returned certain taxes unpaid, when in fact he could have collected them out of personalty.   He insists, therefore, that to that extent his security was impaired, and clouded, by the tax sale under the return.

On the trial it appeared that the tax was void, and no dispute seems to exist on this.   The defects were such as have been frequently passed upon.   But plaintiff still insists that there was wrong done by the false return, and that the defendant is estopped by it.   A sufficient answer to this is that plaintiff can only sue for a wrong from which he has suffered injury, and that a void tax creates no such injury.

Judgment must be affirmed with costs.

The other Justices concurred.